NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BEVERLY PRATHER, | : | |
| | : | Civil Action No. 11-547 (RBK-KW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| ATTORNEY GENERAL ERIC HOLDER | : | |
| and DEPARTMENT OF JUSTICE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge**:**

Plaintiff Beverly Prather ("Plaintiff"), who resides in Bear, Delaware, filed this action alleging violations of federal criminal statutes and rape in the workplace. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.       BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and its exhibits and are accepted as true for purposes of this review. (D.I. 2, 5.)

Plaintiff is permanently disabled due to rape and torture on the job and six years of victim abuse. Plaintiff asked Eric Holder, Attorney General of the United States of America, to investigate the matter. On June 9, 2011, his office advised Plaintiff that it could assume jurisdiction only when there has been a violation of a federal criminal statute and that federal officials may intervene only in matters in which a violation of federal law may have occurred. It

was suggested to Plaintiff that she retain a private attorney, pursue the matter at the State or local level or seek guidance from a local legal aid organization.[1] This lawsuit ensued.[2] Plaintiff alleges violations of 18 U.S.C. § 2261A(2). Attached to the Complaint are copies of 18 U.S.C. §§ 241, 242, 245, 247, 248, and 844(h) and 42 U.S.C. §§ 3631, 14141.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

---

[1]Exhibits to the Complaint indicate that Plaintiff filed a Title VII claim in the United States District Court for the Eastern District of Pennsylvania against her former employer and the alleged rapist, Prather v. Prudential Fox, Civ. No. 07-1264-SD (E.D. Pa.). Summary judgment was granted in favor of Defendants and against Plaintiff on July 18, 2008, and the judgment was affirmed on appeal. Id. at D.I. 44, 45, 61.

[2]Plaintiff previously sought assistance from the United States Department of Justice in February, May, and August 2009.

baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff

has a "plausible claim for relief."[3]  Id. at 211.  In other words, the Complaint must do more than

allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief."  Iqbal, 129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    DISCUSSION

### A.     Federal Tort Claim Act

Plaintiff alleges that Defendants failed to take action and investigate her claims.  It may be

that Plaintiff seeks to raise a claim under the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. §

2671, et seq.  Initially, the Court notes that the only proper defendant under the FTCA is the

United States, not a federal agency or a federal official.  28 U.S.C. § 1346(b).  Here, Plaintiff has

named Holder and the United States Department of Justice.

Federal courts do not have jurisdiction over FTCA claims until (1) the plaintiff has

presented the claim to the appropriate federal agency within two years of the date the claim

accrues; and (2) the agency has either denied the claim or has failed to make a final disposition

within six months of plaintiff's presentation of the claim.  28 U.S.C. § 2675(a); Bialowas v.

United States, 443 F.2d 1047, 1049 (3d Cir. 1971) (holding that the FTCA exhaustion

requirement is a jurisdictional one).

---

[3]A claim is facially plausible when its factual content allows the Court to draw a
reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,129 S.Ct. at
1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'"  Id.

In reviewing the Complaint, there is no indication that Plaintiff has presented her claims to any federal agency.  As discussed, the district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies.  <u>See</u> 28 U.S.C. § 2675(a); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106 (1993); <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir. 1995).  Because Plaintiff has failed to plead a sufficient basis for jurisdiction, the Complaint will be dismissed.  Finally, as discussed below, the claims are frivolous since Defendants are not authorized to take the action Plaintiff requested.

### B.	Frivolous

After reviewing the Complaint the Court finds it "clearly baseless" and presents a classic example of a frivolous lawsuit containing allegations that are wholly fanciful, unbelievable, and which fail to state a claim for which relief can be granted.  Even though Plaintiff may believe that her factual allegations are "real," this does not preclude dismissal on the basis of frivolity.  Other courts have arrived at the same difficult conclusion concerning similar allegations.  <u>See, e.g.</u>, <u>Christian v. Moore</u>, Civ. No. 10-302-FDW-DSC, 2010 WL 3418390, at *1-2 (W.D.N.C. Aug. 30, 2010); <u>Calhoon v. San Diego Police Dep't</u>, Civ. No. 10-1629 WQH (POR), 2010 WL 3184254, at *1-2 (S.D. Cal. Aug. 10, 2010); <u>Hix v. Bush</u>, Civ. No. 10-12366, 2010 WL 2560446, at *1 (E.D. Mich. June 16, 2010); <u>Lignell v. Catholic Church</u>, Civ. No. 09-1151-CW-PMW, 2010 WL 2521452, at * 3-5 (D. Utah May 6, 2010).

Because Plaintiff's allegations are totally implausible, attenuated, and devoid of merit, the Court will dismiss the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.	CONCLUSION

For the reasons set forth above, the Complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B).   Amendment of the Complaint would be futile.  An appropriate order

shall follow.


Date:   July 11, 2011

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

NOT FOR PUBLICATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BEVERLY PRATHER, | : | |
| | : | Civil Action No. 11-547 (RBK-KW) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| ATTORNEY GENERAL ERIC HOLDER | : | |
| and DEPARTMENT OF JUSTICE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

THIS MATTER having come before the Court for screening pursuant to 28 U.S.C. §

1915(e)(2) , and for the reasons expressed in the Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

ORDERED that the Clerk shall serve copies of this Order and accompanying Opinion

upon Plaintiff by regular U.S. mail and close the file in this matter.

Date:   July 11, 2011            s/Robert B. Kugler                      
ROBERT B. KUGLER
United States District Judge